UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMID KOTHI, Personal
Representative of the Estate of
Majeed Namo, Deceased, and
YAZI MIKHO,

    Plaintiffs,                                 CIVIL CASE NO. 05-40108

v.

ALLIED PROPERTY AND CASUALTY        HONORABLE PAUL V. GADOLA
INSURANCE COMPANY, a foreign            U.S. DISTRICT COURT
corporation,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT**

Before the Court is Defendant's motion to dismiss and/or for summary, filed on December 18, 2006, subsequent to the close of discovery. Plaintiffs filed a response to Defendant's motion and Defendant filed a reply. For the reasons set forth below, the Court grants Defendant's motion to dismiss and/or for summary judgment.

**I.    Background**

On December 18, 2003, a fire destroyed the house at 22040 Blackstone, Oak Park, Michigan, in which Majeed Namo and his wife, Yazi Mikho, were living. Mr. Namo perished in the fire. The owner of the house is the son of the couple, Raied Kothi. Raied Kothi had entered into a contract for an insurance policy for the residence with Defendant Allied Property & Casualty Insurance Company ("Allied"). The contract governed the time period between May 14, 2003 until May 14,

1

2004, thereby covering the date of the fire. Majeed Namo and Yazi Mikho had no such contract with Allied. The couple have another son, Hamid Kothi, who is now acting as the personal representative for the estate of Majeed Namo.

Following the fire, Plaintiffs Hamid Kothi and Yazi Mikho filed the current negligence suit against Defendant Allied in this Court. Plaintiffs are both citizens of the State of Michigan, while Defendant Allied is a citizen of the State of Iowa. Accordingly, the case is properly before the Court on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

After the incident, a fire investigation was conducted by the Oak Park Department of Public Safety ("DPS"). DPS took several appliances from the house's kitchen as evidence. Subsequently, DPS issued a report stating that the origin of the fire was undetermined. Defendant Allied employed its own private investigator, Mr. Gary Kraft of Herndon and Associates. Mr. Kraft removed an additional pot from the scene for evidence for his own investigation. Mr. Kraft then inspected those items obtained by DPS. Mr. Kraft's report indicated that the fire was of human origin. Subsequent to both investigations, a telephone conversation occurred between Detective Kevin Bur of DPS and Allied claims adjuster Mark Malone, in which Mr. Malone indicated to DPS that Defendant Allied had no further interest in testing those appliances recovered from the scene of the fire. After receiving this indication, DPS proceeded to destroy those items by discarding them as waste on or about May 3, 2004. There is some dispute about whether Defendant Allied ordered DPS to destroy the items or simply indicated that it was indifferent to their disposal.

**II.   Legal Standard**

In their suit, Plaintiffs claim that Defendant breached its duty to prevent the destruction of

Plaintiffs' property without first obtaining the consent of Plaintiffs. Defendant filed a motion to dismiss and/or for summary judgment. The Court will treat the motion with the summary judgment standard.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue of material fact regarding the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Martin v. Ohio Turnpike Comm'n*, 968 F.2d 606, 608 (6th Cir. 1992). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). When a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993).

**III.     Analysis**

Plaintiffs bring a negligence action, and are thus required to demonstrate the existence of four elements: duty, breach, causation, and damages. *See Henry v. Dow Chem. Co.*, 701 N.W.2d 684, 688 (Mich. 2005). Plaintiffs claim that Defendant had a duty to preserve the kitchen appliances

3

removed by DPS during the fire investigation, and that Defendant breached that duty when these items were destroyed. After a review of the parties' arguments, the Court finds that when considering the facts in the light most favorable to Plaintiffs, Plaintiffs cannot establish that Defendant had a duty to Plaintiffs to preserve evidence, and thus, cannot show that Defendant breached that duty. Consequently, Plaintiffs' claim of negligence must fail and summary judgment in favor of Defendant is appropriate.

In support of its position that summary judgment is warranted, Defendant first argues that if Plaintiffs were covered by the insurance policy, then Plaintiffs have no claim because Defendant fully performed its duty under the terms of the policy. As Defendant correctly notes, if Plaintiffs are covered by the insurance policy, then the rights and duties governing their relationship are contained within the terms of the policy. *See Rory v. Cont'l Ins. Co.*, 703 N.W.2d 23, 26-32 (Mich. 2005) (holding that an insurance policy must be enforced according to its plain terms). Because the terms of the policy at issue engender no duty to preserve evidence, Plaintiffs would be entitled to no relief.

Plaintiffs concede that they were not covered by the insurance policy. Even so, Plaintiffs argue that Defendant still had a duty to preserve the appliances. In response, Defendant contends that since there is no insurance policy covering Plaintiffs, then there is no relationship between the parties creating a duty to preserve the evidence. *See Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 178 (Mich. 1993) ("Most importantly, for a duty to arise there must exist a sufficient relationship between the plaintiff and the defendant."). Thus, Defendant argues that without such a sufficient relationship with Plaintiffs, there was no obligation on the part of Defendant to preserve

the evidence for the sake of Plaintiffs. In addition, Defendant argues that it never had control of the evidence, and that it is not responsible for the actions of DPS when DPS later destroyed the evidence. Plaintiffs claim in opposition that Defendant ordered that the evidence be destroyed, and thus, exercised some control over the items.

Regardless who exercised control over the evidence, Plaintiffs cannot establish that Defendant had a duty at any time to preserve the appliances for Plaintiffs. In an attempt to demonstrate that such a duty does indeed exist, Plaintiffs put forth the guidelines issued by the National Fire Protection Agency ("NFPA"), entitled NFPA 921 "Guide for Fire and Explosion Investigations." Though these guidelines recommend preserving evidence after a fire until interested parties have been notified, the guidelines are non-binding and do not create a duty of preservation on any entity. Instead, the NFPA only promulgated these non-binding guidelines as adoptable suggestions for individual jurisdictions throughout the country. Plaintiffs have cited some cases which reference the NFPA guidelines. These cases, however, do not rule that the NFPA guidelines create a binding duty. *See, e.g.*, *Tunnell v. Ford Motor Co.*, 330 F. Supp. 2d 707, 725 (W.D. Va. 2004); *McCoy v. Whirlpool Corp.*, 214 Frd. 646 (D. Kan. 2003). There is no support for the position that the NFPA guidelines are binding on Defendant, creating a duty to preserve the evidence for Plaintiffs. Plaintiffs also make an argument concerning spoliation of evidence, but the Court does not find the argument compelling. In short, the Court concludes that there is no basis for Plaintiffs' contention that Defendant had a duty to preserve the kitchen appliances for the benefit of Plaintiffs.

**IV.  Conclusion**

Considering the facts in the light most favorable to Plaintiffs, there is no genuine issue of

material fact and as a matter of law, Defendant did not have a duty towards Plaintiffs to preserve the kitchen appliances recovered in the fire investigation. Consequently, Defendant did not breach any duty when the items taken from the house were later destroyed. Accordingly, Plaintiff's negligence claim fails and this case should be dismissed.

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss and/or for summary judgment [docket entry #13] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action, Case No. 05-40108, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated:  July 19, 2007                        s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 19, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
      Leonard A. Henk; Patrick A. King; Stuart A. Sklar           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                        .

                                         s/Ruth A. Brissaud
                                         Ruth A. Brissaud, Case Manager
                                         (810) 341-7845